UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61280-CV-DIMITROULEAS

JOSE ADAN MARTINEZ-MENDOZA,
A# 240-353-924,

     Petitioner,

v.

MITCHELL DIAZ,
In his official capacity as Assistant Field Office Director,
U.S. Immigration and Customs Enforcement
and Removal Operations;
CYNTHIA SWAIN,
In her official capacity as Warden of the
Broward Transitional Center, a for-profit detention facility
operated by The GEO Group, Inc.;
GARRETT RIPA,
in his official capacity as Field Office Director of the
Miami Field Office of the U.S. Immigration and Customs Enforcement
and Removal Operations;
TODD LYONS,
in his official capacity as Acting Director of the
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security, in his official capacity;
TODD BLANCHE, Acting Attorney General of
the United States, in his official capacity;
EXECUTIVE OFFICE for Immigration Review
United States Department of Justice,

     Respondents.

_____/

## **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner JOSE ADAN MARTINEZ-MENDOZA

("Petitioner")'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [DE 1], filed April

29, 2026. The Court has considered the Petition [DE 1], Respondents' Response in Opposition to

the Petition for Writ of Habeas Corpus [DE 6], Respondents' Notice of Supplemental Authority

[DE 7], notes that Petitioner did not file a Reply[1], and is otherwise fully advised in the premises. The Court is otherwise fully advised in the premises.

Based on the recent ruling by the Eleventh Circuit Court of Appeals in *Hernandez Alvarez v. Warden, Federal Detention Center Miami, et al.,* Case Nos. 25-14065; 25-14075 (May 6, 2026), which is persuasively binding on this Court until the mandate issues, §1225(b)(2)(A) does not apply to Petitioner. Rather, § 1226(a) and its implementing regulations govern Petitioner's detention, entitling Petitioner to an individualized bond hearing as a detainee under § 1226(a). *See id.* The Court takes no position as to whether Petitioner should be granted release on bond by the Immigration Judge, just that Petitioner is entitled to an individualized bond hearing.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition [DE 1] is **GRANTED IN PART** as follows:

1. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) within seven days, by May 18, 2026, and file a notice in the record upon the completion of the bond hearing indicating (1) that an individualized bond hearing was afforded and (2) the outcome of that bond hearing.

2. A hearing in this matter is hereby set for 1:30 P.M. on **Wednesday, May 20, 2026**, in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida. The hearing may be cancelled upon notification that the bond hearing was held.

3. The Clerk shall **CLOSE** this case.

---

[1] The Court's May 4, 2026 Order Requiring Expedited Response from Respondents permitted Petitioner to file a Reply on or before May 8, 2026. *See* [DE 4].

4.  The Court **RETAINS JURISDICTION** to enforce this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of May, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov